2020 IL App (1st) 191044-U

SIXTH DIVISION
January 10, 2020

No. 1-19-1044

**NOTICE**: This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT

| | | |
|---|---|---|
| *In re* the Petition of: | ) | Appeal from the |
| | ) | Circuit Court of |
| TAKEDA McTEAR and MELVIN McTEAR, | ) | Cook County |
| to adopt K.F., a minor. | ) | |
| | ) | |
| (TAKEDA McTEAR and MELVIN McTEAR, | ) | |
| | ) | No. 17 COAD 342 |
| Petitioners-Appellees, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| KENNETH EUGENE FOX, Sr. | ) | Honorable |
| | ) | Carol Kipperman, |
| Respondent-Appellant.) | ) | Judge Presiding. |

JUSTICE HARRIS delivered the judgment of the court.
Justice Cunningham and Justice Connors concurred in judgment.

**ORDER**

¶ 1    *Held*:  In adoption case, trial court rulings of termination of parental rights by default and denial of vacatur of that default were not erroneous.

¶ 2    This case concerns the adoption of the minor K.F. by petitioners Takeda and Melvin McTear and the termination of the parental rights of respondent Kenneth Fox, Sr., regarding the minor. Upon petitioners' adoption petition and motion to terminate parental rights, the circuit court

terminated respondent's parental rights by default, and later denied respondent's motion to vacate the default. On appeal, respondent contends *pro se* that his motion to vacate was erroneously denied as he answered the adoption petition, that the petition should have been dismissed because it was time-barred, and that the trial court failed to ascertain the 13-year-old minor's wishes regarding respondent. For the reasons stated below, we affirm.

¶ 3                                I. JURISDICTION

¶ 4      The adoption petition was filed in April 2017, and the motion to terminate respondent's parental rights was filed in October 2017. The circuit court terminated respondent's parental rights by default on June 11, 2018, and denied his July 2018 motion to vacate the default on May 20, 2019. Respondent filed his notice of appeal the same day. Accordingly, we have jurisdiction over this matter pursuant to article VI, section 6 of the Illinois Constitution (Ill. Const. 1970, art. VI, § 6) and Illinois Supreme Court Rule 301 (eff. Feb. 1, 1994) and Rule 303 (eff. May 30, 2008).

¶ 5                                II. BACKGROUND

¶ 6      Petitioners filed their adoption petition in April 2017, alleging that petitioner Takeda is the mother of the minor, who was born in July 2006 and always resided with her. Petitioners alleged that they were married to each other and were "reputable persons of good moral character, with sufficient ability and means to rear, nurture, and educate the [minor] in a suitable and proper manner." They alleged that respondent was the minor's natural father and "unfit to have the care, custody, and control of the minor on the grounds of abandonment; failed to maintain a reasonable degree of interest, concern, or responsibility as to the welfare of the child; substantial neglect of the child; failure to protect the child from conditions within the environment injurious to the child's welfare; and depravity." They alleged that respondent was in a Mississippi prison having been

convicted of two counts of aggravated assault against Takeda and of leaving the scene, all felonies. They alleged that he was involved in "a prior abuse incident" with Takeda having an order of protection, and that he committed domestic violence against Takeda in the minor's presence. Petitioners alleged that respondent was a registered sex offender, and that he had no contact with the minor for over three years. Attached to the petition was a Mississippi appellate decision affirming respondent's guilty-plea "convictions ar[ising] from a history of domestic violence against his ex-girlfriend, Takeda" against challenges to the indictment and claims that favorable evidence was suppressed, his guilty plea was not intelligently given, and counsel was ineffective. Also attached was a Memphis, Tennessee, police report of an October 2008 attack by respondent against Takeda, printouts of respondent's sex offender registrations from Mississippi and Illinois, and a copy of the minor's birth certificate showing petitioner Takeda and respondent as his parents.

¶ 7   The cover sheet filed with the petition indicated that the petition was brought under the Adoption Act. 750 ILCS 50/0.01 *et seq*. (West 2016).

¶ 8   Respondent filed a *pro se* answer in May 2017, admitting that he and petitioner Takeda are the minor's natural parents. He denied that he was unfit to have custody of the minor, and neither admitted nor denied that petitioners were able to care for the minor. He admitted that he was in prison until May 11, 2017, but not thereafter, and he denied that he committed domestic violence. He admitted that he is a registered sex offender but alleged that Takeda was aware of that before the minor was born. He alleged that he had no contact with the minor because Takeda did not allow it from 2008 to 2014. His answer included a counterclaim for visitation, arguing that his incarceration barred earlier contact and seeking telephone calls and "gradual physical visitation"

with the minor. He alleged that Takeda "blocked" all contact with the minor and that he was "completely rehabilitated" including anger management, job training, and an associate degree.

¶ 9                                        A. Initial Proceedings

¶ 10    The court appointed guardian ad litem for the minor to represent the minor's interests, directing her to investigate the case and report back to the court.

¶ 11    Respondent filed a motion for appointment of counsel in July 2017, stating that he was unemployed due to his recent release from prison and could not leave Mississippi as a condition of his early release, and claiming inability to pay counsel. The court appointed counsel for respondent in late October 2017, and counsel filed his appearance in early December 2017.

¶ 12    In October 2017, while respondent's motion for counsel was pending, petitioners filed a motion to terminate respondent's parental rights. In addition to the allegations of the adoption petition, the motion alleged that respondent " has new pending charges for felony kidnapping," "has violated his parole for his convictions of assaulting" Takeda, "has an extensive criminal record," "has anger management issues that present a danger to the" minor, and "has no financial means to support the minor, nor support himself." The motion alleged respondent's unfitness on grounds of (a) abandonment, (b) failure to maintain a reasonable degree of interest, concern, or responsibility for the minor's welfare, (c) depravity "including multiple felony convictions," (d) intent to forego his parental rights as shown by his failure to maintain contact, (e) intent to forego his parental rights as shown by his failure to make a good-faith financial contribution for the minor's support when he lived with Takeda, (f) substantial neglect, and (g) failure to protect the minor from injurious conditions in his environment, including committing domestic violence in

the minor's presence. Attached to the motion was a copy of an August 2017 news article describing respondent's arrest for allegedly kidnapping a woman.

¶ 13 When counsel appeared for respondent in December 2017, he was given 45 days to answer the adoption petition. In January 2018, counsel withdrew respondent's counterclaim for visitation and was given 30 days to file an amended answer to the petition.

¶ 14 In March 2018, respondent sent a *pro se* and *ex parte* letter to the court pleading his case to not terminate his parental rights. In part, he alleged that his appointed counsel was not seeking his best interests and asked the court to continue the case until his release sometime between August 2018 and November 2019 or "until I can obtain effective representation." While his letter did not specify how counsel was not properly representing him, a March 2018 order appointed a prison employee to witness respondent's execution of a final and irrevocable consent to adoption.

¶ 15 Later in March 2018, respondent's counsel filed a motion to withdraw, claiming an irreconcilable conflict between himself and respondent. The court granted leave to withdraw in April 2018, granting respondent 21 days to file his appearance personally or through new counsel.

¶ 16 Respondent filed a *pro se* appearance in May 2018 stating that he was contesting the adoption petition and not waiving his parental rights, that "I do not have an attorney to represent me and therefore I am proceeding *pro se*" and that he answered the adoption petition in May 2017.

¶ 17 On June 4, 2018, the court issued a case management order continuing the motion to terminate respondent's parental rights to June 11, 2018.

¶ 18 B. Termination by Default

¶ 19 On June 11, 2018, the court issued a default order terminating respondent's parental rights. The court found that "it appear[ed] to the Court that [respondent] has had due notice of the

pendency of this proceeding *** and subsequently he filed an appearance, and was appointed a lawyer by the court who he dismissed." The court found that respondent had not filed a response to the motion to terminate his parental rights and thus was in default. The court found respondent unfit to have care and custody of the minor, on all grounds alleged in the motion except depravity, and terminated his parental rights.

¶ 20                                    C. Motion to Vacate Default, Etc.

¶ 21    In June 2018, respondent filed a motion to vacate the June 11 default judgment.[1] He noted that he answered the adoption petition in May 2017, and that he stated in his May 2018 appearance that he was contesting the adoption petition and not waiving his rights. In addition to vacatur of the default judgment, respondent asked the court to stay or continue proceedings until September or October 2018 when he would be released from custody and could attend court personally.

¶ 22    At the same time, respondent filed a *pro se* response to the motion to terminate his parental rights, which he styled a second response to the termination petition. He denied that he abandoned the minor, that he failed to maintain reasonable interest and concern for the minor's welfare, that he failed to make a good faith financial contribution to the minor's support, that he neglected the minor, and that he committed domestic violence against Takeda in the minor's presence. He claimed that his Mississippi convictions for aggravated assault "are unconstitutional and racist." He claimed that petitioners were estopped from claiming that he did not maintain reasonable responsibility for the minor's welfare, asserting depravity based on his felony convictions, and claiming that he failed to maintain contact.

---

[1] While the court clerk stamped the vacatur motion as "filed" on July 16, 2018, respondent attested to mailing it on June 25.

¶ 23     Respondent filed a *pro se* appearance in January 2019, now providing a Chicago address. A February 2019 order noted that respondent was present in court. An April 2019 order recited in part that respondent was in court and had acknowledged his criminal record. As the order recited, he testified that he was convicted in Illinois in 1993 of criminal sexual assault and armed robbery, serving 9 years and 9 months in prison, that he was convicted in Mississippi of two counts of aggravated battery and of leaving the scene of an accident, for which he served eight and a half years' imprisonment, and that he returned to prison for a year for violation of probation in 2017 on a kidnapping charge that "was eventually dropped."

¶ 24                                D. Response to Vacatur Motion

¶ 25     Petitioners responded to the motion to vacate in April 2019, acknowledging that respondent was objecting to termination of his rights but arguing that he presented no facts countering the findings of unfitness in the termination order. Petitioners also acknowledged his response to the termination motion but again argued that he presented no facts in support of his denials and claims of estoppel. While respondent called into question his Mississippi convictions, petitioners argued that the trial court could not review or examine those convictions and noted that respondent had other felony convictions. As to contact with the minor, petitioners argued that respondent did not present any returned letters that he tried to send, nor any copies of text messages, emails, or the like, nor any cancelled checks, bank statements, or the like to show efforts to financially support the minor, nor any receipts for gifts to the minor. They argued that nothing in the vacatur motion or response to the termination motion "presents any new specific evidence countering the allegations made by the petitioners," but only "general denials regarding his well-documented behavior." Petitioners argued that they were not estopped from merely noting respondent's prior

convictions including offenses he acknowledged. They argued that they were not estopped from arguing his lack of contact, noting that Takeda had an order of protection against respondent but arguing that it was a reasonable response to respondent's prior attacks upon her and that finding estoppel under such circumstances would "support the victimizer" and "encourage victims not to seek protection against their batterers."

¶ 26                                    E. Reply in Support of Vacatur

¶ 27     Respondent replied *pro se* in support of his vacatur motion in May 2019. He argued for the first time that the adoption action was untimely filed because the Parentage Act (750 ILCS 46/101 *et seq*. (West 2018)) provides that an action to terminate parental rights must be filed within two years of when "the petitioner knew or should have known of the relevant facts." 750 ILCS 46/205 (West 2018). He argued that petitioners admitted through counsel that "there has been no contact between the respondent and [the minor] since 2008" and that the adoption petition was filed less than 30 days before he was due to be released from custody. He argued that petitioner Takeda was estopped from arguing his 1993 convictions rendered him unfit "because there were 13 years prior to the birth of the [minor], and that would violate the Ex Post Facto Doctrine," and because she knew of those convictions when she lived with him for three years. Respondent claimed that petitioners' counsel was "misleading and shamming this court into believing there is an active order of protection against the respondent, which is false." He argued that his Mississippi convictions are unconstitutional and the result of perjury by Takeda and other witnesses, so that they should have no bearing in determining his fitness. Lastly, he claimed that he "shall produce evidence that prior to the filing of the petition intermediaries sent money and gifts on his behalf to

help support" the minor. Respondent asked the trial court to not only vacate the default judgment but dismiss the adoption petition.

¶ 28                                    F. Final Proceedings

¶ 29    On May 20, 2019, the court denied respondent's motion to vacate the default judgment, finding "no reasonable basis [for vacatur] after written and oral argument." for vacatur. The order recited that respondent was in court, albeit 30 minutes late, and that the court heard oral argument on the motion as well as reviewing the motion pleadings. This appeal immediately followed.

¶ 30    In June 2019, the trial court issued an order granting respondent a stay pending disposition of this appeal and finding that "[t]here are no court transcripts."

¶ 31                                    III. ANALYSIS

¶ 32    On appeal, respondent contends *pro se* that his motion to vacate was erroneously denied as he answered the adoption petition, that the petition should have been dismissed because it was time-barred, and that the trial court failed to ascertain the 13-year-old minor's wishes regarding respondent.

¶ 33    Before proceeding to the merits of this case, we note that we have accepted it upon respondent's *pro se* appellant brief alone, without an appellee brief from either petitioner. We may review a case under such circumstances when the record is simple, and the errors claimed in the appellant's brief are easily decided. *In re Marriage of Earlywine*, 2013 IL 114779, ¶ 13.

¶ 34                                    A. Dismissal Request

¶ 35    We shall first address respondent's contention that the trial court should have dismissed this case as time-barred or untimely filed as he requested in his vacatur motion.

¶ 36    Respondent cites Section 205 of the Parentage Act, which provides that an "action to declare the non-existence of the parent-child relationship may be brought by *** the birth mother *** by verified complaint, which shall be designated a petition," but such an action "shall be barred if brought later than 2 years after the petitioner knew or should have known of the relevant facts." 750 ILCS 46/205(a), (b) (West 2018). However, the petition here was filed under the Adoption Act rather than the Parentage Act. Petitioners were not seeking that the trial court declare the non-existence of a parent-child relationship under section 205 of the Parentage Act, as the adoption petition expressly acknowledged that respondent was the minor's natural father. Instead, petitioners were seeking that the court declare respondent unfit as provided in the Adoption Act. 750 ILCS 50/1(D), 50/8(a)(1) (West 2018).

¶ 37    The Adoption Act has no limitation period for an adoption by a related person: a "petition to adopt an adult or a related child may be filed at any time." 750 ILCS 50/5(A) (West 2018). A related child is "a child subject to adoption where either or both of the adopting parents stands in any of the following relationships to the child by blood, marriage, adoption, or civil union: parent." 750 ILCS 5/1(B) (West 2018). It is undisputed that petitioner Takeda is the minor's mother, as respondent acknowledged in his answer to the adoption petition. This case was not time-barred, and the trial court therefore did not err when it did not dismiss the case on such grounds.

¶ 38                      B. Default & Denial of Vacatur

¶ 39     Respondent also contends that the default order terminating his parental rights and the denial of his motion to vacate the default were erroneous because he answered the petition.

¶ 40    Here, while respondent answered the April 2017 adoption petition, the October 2017 motion to terminate parental rights included additional allegations. The record does not include

any response to the termination motion until after the default order, when respondent filed a response alongside his motion to vacate the default, styling it a second response. Respondent filed a May 2018 appearance – after the termination motion and before the default order – in which he stated that he was contesting the adoption petition and not waiving his parental rights. However, except in his March 2018 *ex parte* letter to the court, he did not respond to the allegations in the termination motion in any detail until his so-called second response. Lastly, we note that respondent acknowledged his repeated imprisonments and incarcerations, his sex offender registration, and at least some of his prior felony convictions so that various matters highly material to the termination motion were not in dispute. Under such circumstances and on the record before us – we have no transcript of proceedings for June 11, 2018, when the court terminated respondent's parental rights by default – we cannot conclude that the trial court erred in finding respondent in default. Any doubts arising from an incomplete record are resolved against the appellant on the presumption that the trial court's judgment conformed to the law. *People v. Carter*, 2015 IL 117709, ¶ 19; *Corral v. Mervis Industries*, 217 Ill. 2d 144, 157 (2005).

¶ 41 Moreover, respondent timely filed a motion to vacate the default termination order, and the court received motion pleadings as well as holding a hearing where it heard arguments from the parties including respondent. Thus, this case was not disposed of solely on respondent's default but after he had an opportunity to present written and oral arguments why the default should be vacated. The court found that respondent provided "no reasonable basis" for vacatur. In the absence of grounds on this record to hold otherwise – we do not have a transcript of proceedings for the vacatur motion hearing – we conclude that the trial court did not err in its disposition against respondent.

¶ 42                                    C. Minor's Wishes

¶ 43    Lastly, respondent contends that the trial court erred by failing to ascertain the 13-year-old minor's wishes regarding respondent. However, respondent does not establish on this record that the court did not do so. As noted above, we have no transcript for the proceedings where the court found respondent in default. Thus, we do not know if, or what sort of, a prove-up was held.

¶ 44    Moreover, respondent cites no law supporting the proposition that a trial court commits reversible error by not interviewing a minor above a certain age to ascertain his or her wishes regarding custody. Respondent cites section 6 of the Adoption Act. 750 ILCS 50/6 (West 2018). However, that section requires the court investigate only for the adoption of an unrelated child, and moreover does not require that the investigation include an interview of the child by the court. 750 ILCS 50/6(A) (West 2018). The court here exercised its discretion to conduct an investigation for the adoption of a related child (750 ILCS 50/6(D) (West 2018)) by appointing guardian ad litem to investigate the case on the court's behalf. Respondent also cites section 12 of the Adoption Act, providing that "adoption shall not be made" if the person to be adopted is 14 years old or older "upon the date of the entry of the judgment" unless that person consents. 750 ILCS 50/12 (West 2018). However, "the judgment" for the purposes of section 12 is clearly the adoption decree, which has not yet issued in this case as the trial court stayed proceedings pending this appeal. Moreover, the minor was born in July 2006 and will not be 14 until July 2020. We conclude that respondent has not demonstrated any error on this point.

¶ 45                                    IV. CONCLUSION

¶ 46    Accordingly, we affirm the judgment of the circuit court.

¶ 47    Affirmed.